John E. Kelly (024716)
Steven E. Weinberger (015349)
Diego F. Brito (037158)
**KELLY LAW TEAM PLLC**
1 E. Washington St., Ste 1520
Phoenix, AZ 85004
courtdocs@kellylawteam.com
Tel: (602) 283-4122
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Yolanda Garcia, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>City of Glendale, a municipal corporation; City of Phoenix, a municipal corporation; Maricopa County, a municipal corporation; Camelback Spring Training LLC, a Delaware limited liability company; Los Angeles Dodgers LLC, a Delaware limited liability company; Chicago White Sox, Ltd., an Illinois limited partnership; John Does I-V; Jane Does I-V; Black Corporations I-V; and White Partnerships I-V,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT**<br><br>**(Demand for Trial by Jury)** |

Plaintiff Yolanda Garcia, by and through undersigned counsel, submits her Complaint alleging as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Yolanda Garcia ("Plaintiff" or "Ms. Garcia") is an individual residing in Valencia County, New Mexico.

2. Defendant CITY OF GLENDALE is a municipal corporation and a city in

1

Maricopa County, Arizona.

3. Defendant CITY OF PHOENIX is a municipal corporation and a city in Maricopa County, Arizona.

4. Defendant MARICOPA COUNTY is a municipal corporation and a county in the state of Arizona.

5. Defendant CAMELBACK SPRING TRAINING LLC is a Delaware limited liability company which operates Camelback Ranch – Glendale, a baseball stadium, located at 10710 W Camelback Road, Phoenix, AZ 85037 ("Camelback Ranch") in Maricopa County, Arizona.

6. Upon information and belief CAMELBACK SPRING TRAINING LLC is a joint venture between Defendants LOS ANGELES DODGERS LLC and CHICAGO WHITE SOX, LTD.

7. Defendant LOS ANGELES DODGERS LLC is a Delaware limited liability company headquartered in Los Angeles, California and operating in Maricopa County, Arizona.

8. Defendant CHICAGO WHITE SOX, LTD. is a Delaware limited partnership headquartered in Chicago, Illinois and operating in Maricopa County, Arizona.

9. Defendants JOHN DOES I-V, JANE DOES I-V, BLACK CORPORATIONS I-V, and WHITE PARTNERSHIPS I-V (collectively, the "Fictitious Defendants"), are fictitious Defendants, the true names or capacities, whether individual, corporate, or otherwise, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names and will ask the leave of this Court to amend this Complaint to show their true names and capacities when the same have been ascertained.

10. At all relevant times, the Fictitious Defendants were either spouses, servants, employees, employers, owners, parent companies or subsidiaries of the named

defendants. Upon information and belief, the Fictitious Defendants are, in some manner, responsible for the acts alleged herein. When the true names of these Fictitious Defendants are ascertained, Plaintiff will seek leave of the Court to amend the Complaint.

11. Upon information and belief, at all relevant times, each of the Defendants, CITY OF GLENDALE; CITY OF PHOENIX; MARICOPA COUNTY; CAMELBACK SPRING TRAINING LLC; LOS ANGELES DODGERS LLC; CHICAGO WHITE SOX, LTD.; and the Fictitious Defendants (collectively, "Defendants"), inclusive, were agents, servants, employees, successors in interest, and/or joint ventures of their co-defendants, and were, as such, acting within the course, scope, and authority of said agency, employment, and/or venture, and that each and every Defendant, as aforesaid, when acting as principal, was negligent in the selection and hiring of each and every other Defendant as an agent, servant, employee, successor in interest, and/or joint venture.

12. Each of the Defendants were employees and/or agents of each of the other Defendants, and all acts by any of the Defendants were in the course and scope of their employment and/or agency with all the other Defendants, and each was acting on their own behalf, as well as on behalf of all Defendants.

13. No other action is pending in relation to the events alleged herein.

14. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), as "the matter in controversy exceeds the sum or value of $75,000, and is between—(1) citizens of different States."

15. This Court is the proper venue in accordance with 28 U.S.C. § 1391(b)(2), as "a substantial part of the events or omissions giving rise to the claim occurred" in Phoenix, Arizona.

## **GENERAL ALLEGATIONS**

16. "Spring Training" refers to the preseason for Major League Baseball ("MLB"), a professional sports league.

17. Many MLB teams conduct spring training games at stadiums located in various Maricopa County cities.

18. Camelback Ranch is a baseball stadium in Phoenix, Arizona that is owned by the CITY OF GLENDALE, and hosts the spring training home games for the Los Angeles Dodgers and the Chicago White Sox.

19. Defendant CAMELBACK SPRING TRAINING LLC manages the Spring Training games at Camelback Ranch as a joint venture of Defendants LOS ANGELES DODGERS LLC and CHICAGO WHITE SOX, LTD.

20. On Tuesday March 12, 2024, Ms. Garcia and her sister attended a spring training baseball game at Camelback Ranch in which the Los Angeles Dodgers ("Dodgers") played against the San Francisco Giants ("Giants").

21. Following the Dodgers' 6-4 victory against the Giants, Ms. Garcia sought a team shop where she could purchase a Shohei Ohtani jersey, the Dodgers' superstar player who hit a homerun leading to the Dodgers' fifth and sixth runs of the game.

22. As Ms. Garcia searched for this elusive team shop, she was suddenly struck by what seemed to be countless white folding stadium chairs and she was forcefully knocked to the concrete floor (the "Incident").

23. Many of Defendants' employees responded to the Incident.

24. Steven Pump ("Mr. Pump"), the stadium Manager, investigated the incident.

25. Mr. Pump ultimately determined that the stadium staff negligently and carelessly stacked too many folding stadium chairs on top of each other on a transport dolly which caused the stack of chairs to be unstable, which was hazardous to the Defendants' business invitees such as Ms. Garcia.

26. The staff indeed stacked too many folding stadium chairs on the dolly as the chairs that remained on the dolly following the Incident still exceeded the rated and reasonably safe capacity of the dolly.

4

27. As a direct and proximate result of the Incident, Ms. Garcia sustained permanent knee injuries requiring knee replacement surgery and post operative care.

28. Defendants', and each of their, negligent conduct and/or omissions are a direct cause of the Incident.

29. Defendants', and each of their, negligent conduct and/or omissions are the proximate cause of the Incident.

30. Defendants', and each of their, negligent conduct and/or omissions are a direct cause of Ms. Garcia's injuries and damages.

31. Defendants', and each of their, negligent conduct and/or omissions are the proximate cause of Ms. Garcia's injuries and damages.

32. As a direct and proximate result of the careless and negligent acts and/or omissions of Defendants, and each of them, Ms. Garcia incurred medical expenses and will continue to incur medical expenses in the future, in a sum according to proof.

33. As a direct and proximate result of the careless and negligent acts and/or omissions of Defendants, and each of them, Ms. Garcia suffered economic losses, including but not limited to lost wages, in a sum according to proof.

34. As a direct and proximate result of the careless and negligent acts and/or omissions of Defendants, and each of them, Plaintiff incurred general damages from the loss of enjoyment of life, that is, participation in life's activities to the quality and extent normally enjoyed before the injury.

35. The Incident was foreseeable and preventable by Defendants, and each of them, and could have been avoided had said Defendants acted in a safe and prudent manner as required by Arizona law.

36. At all relevant times, the stadium staff acted in the course and scope of their employment and/or agency with Defendants.

37. Ms. Garcia provided timely notice of her claims to the CITY OF

5

GLENDALE, CITY OF PHOENIX, and MARICOPA COUNTY (collectively, the "Government Defendants") alleged herein pursuant to A.R.S. § 12-821.01 on September 9, 2024.

## COUNT I – NEGLIGENCE

(Against all Defendants)

38. Plaintiff re-alleges and incorporates all prior allegations by this reference further alleging as follows:

39. At all relevant times, Ms. Garcia was Defendants' business invitee as she purchased and presented a ticket for entry to Camelback Ranch to watch the Dodgers vs. Giants baseball game on March 12, 2024.

40. At all relevant times, Defendants' employees or agents were responsible for maintaining the Camelback Ranch premises, identifying any foreseeable dangers or hazards, acting reasonably to warn patrons of, or remove, such dangers or hazards.

41. A transport dolly holding an excessive number of piled up stadium chairs is a foreseeable danger and hazard.

42. Ms. Garcia was not intimately familiar with the premises of Camelback Ranch as she resides in New Mexico and was only visiting Arizona at the time of the Incident.

43. The piled-up chairs were not open and obvious to Ms. Garcia because she did not see the dangerously and hazardously piled-up stadium chairs before the Incident.

44. Defendants did not place any warning signs near the negligently piled stadium chairs.

45. Defendants owed a duty to Ms. Garcia, and all other invitees, to take reasonable actions to ensure the safety of their patrons by regularly inspecting the premises, identifying any foreseeable dangers or hazards within Camelback Ranch, warning patrons such as Ms. Garcia about such dangers or hazards, and taking reasonable

steps to avoid any injuries to its patrons resulting from such dangers or hazards.

46. Defendants also owed a duty to Ms. Garcia, and all other invitees, to take reasonable steps to implement procedures, adopt policies, and train their staff in a manner to prevent, or identify and correct, or warn patrons about dangerous and hazardous conditions on the premises.

47. Each Defendant acted in concert with each other to host Spring Training games at Camelback Ranch.

48. Upon information and belief, the CITY OF GLENDALE and/or the CITY OF PHOENIX employed or contracted CAMELBACK SPRING TRAINING, LLC, the joint venture of LOS ANGELES DODGERS, LLC and CHICAGO WHITE SOX, LTD., to manage Spring Training operations at Camelback Ranch.

49. Defendants' applicable standard of care was to act as reasonable professional sporting events hosts.

50. Defendants breached their duties by failing to act reasonably, as reasonable professional sporting events hosts, in ensuring the safety of their patrons by regularly inspecting the premises, identifying the foreseeable danger or hazard (i.e., the negligently piled-up stadium chairs), warn Ms. Garcia about such danger or hazard, and taking reasonable steps to avoid any resulting injuries.

51. Defendants also breached their duties by failing to take reasonable, as reasonable professional sporting events hosts, steps to implement procedures, adopt policies, and train their staff in a manner to prevent, identify, correct, and warn, patrons such as Ms. Garcia about dangerous and hazardous conditions like the negligently piled-up stadium chairs.

52. Defendants' breaches of their respective duties were each an actual cause and the proximate cause of Ms. Garcia's injuries, as the stadium chairs (which were stacked at a height that caused the pile of chairs to be unstable and collapse upon Ms.

7

Garcia) were open to Defendants' business invitees at Camelback Ranch without any barriers or warnings to prevent injuries such as those suffered by Ms. Garcia.

53. Ms. Garcia suffered substantial damages directly resulting from Defendants' negligence, and is entitled to recover economic losses, and general damage in a sum according to proof.

54. Defendants, and each of them, are liable to Ms. Garcia for all damages resulting from the physical, emotional, and economic injuries she suffered because of Defendants' negligent acts and omissions.

## **COUNT II – RES IPSA LOQUITUR**

(Against all Defendants)

55. Plaintiff re-alleges and incorporates all prior allegations by this reference further alleging as follows:

56. Defendants, and each of them, are presumed to be negligent because the Incident is of the kind that ordinarily does not occur in the absence of negligence as piled-up stadium chairs typically do not fall over by themselves, unless they are pushed over or unstable.

57. The stadium chairs are an instrumentality subject to the control of the Defendants.

58. Defendants' staff are agents subject to the control of Defendants.

59. Ms. Garcia had no control over the stadium chairs or Defendants' agents.

60. Ms. Garcia's voluntary actions did not cause or contribute to the Incident.

61. The negligence of Defendants was the actual and proximate cause of Ms. Garcia's injuries.

62. Ms. Garcia's voluntary actions did not cause or contribute to the Incident.

63. Ms. Garcia suffered substantial damages directly resulting from Defendants' negligence, and is entitled to recover economic losses, and general damage

1  in a sum according to proof.

2  64. Defendants, and each of them, are liable to Ms. Garcia for all damages
3  resulting from the physical, emotional, and economic injuries she suffered because of
4  Defendants' negligent acts and omissions.

## DEMAND FOR TRIAL BY JURY

6  Plaintiff demands a trial by jury as to all issues.

## PRAYER FOR RELIEF

8  WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them,
9  as follows:

10  A. For general damages for Plaintiff, in a fair, just, and reasonable sum in excess
11  of the minimum jurisdictional limits of this Court;

12  B. For present and future medical expenses incurred by Plaintiff in a sum
13  according to proof;

14  C. For past and future medical expenses incurred by Plaintiff in a sum according
15  to proof;

16  D. For pre-judgment interest on Plaintiff's liquidated damages claims;

17  E. For Plaintiff's attorney's fees and costs to the extent allowed by law; and

18  F. For such other and further relief as the Court deems just and proper under the
19  circumstances.

20  DATED this 27th day of March 2025.

21  **KELLY LAW TEAM PLLC**

22  */s/ Steven. E. Weinberger*
Steven E. Weinberger, Esq.
23  *Attorney for Plaintiff*

9